**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF PUERTO RICO**

IN RE:

ACEMLA DE PUERTO RICO INC.,          Case No. 17-02021 ESL

                         Chapter 11

         Debtor

OPINION AND ORDER

This case is before the court upon the *Debtor's Urgent Motion for Peer International Corporation of Puerto Rico to Show Cause Why it Should not be Held in Contempt* filed by ACEMLA de Puerto Rico Inc. ("ACEMLA") and the *Opposition to Debtors Urgent Motion for Peer International Corporation of Puerto Rico to Show Cause Why it Should not be Held in Contempt* filed by Peer International Corporation of Puerto Rico ("Peer"). For the reasons stated below, ACEMLA's *Urgent Motion* is hereby denied.

Procedural Background

On March 24, 2017, ACEMLA de Puerto Rico Inc. filed a voluntary petition under chapter 11 (Docket No. 1). The Debtor requested an administrative consolidation with case no. 17-02023, filed by the Debtor Latin American Music Corporation Inc. ("LAMCO"), considering that the Debtors had "unity of interests and the same unsecured creditors" and in order to "reduce costs" and "simplify" the administrative aspects of the cases (Docket No. 5). On April 18, 2017, the court granted the administrative consolidation of the cases, as unopposed (Docket No. 22).

On January 22, 2019, the case was dismissed by the court for failure to present an approvable disclosure statement and a confirmable chapter 11 plan (Docket No. 475).[1] The United

---

[1] The LAMCO case was dismissed on January 23, 2019, for failure to meet the requirements of 11 U.S.C. §1129(a)(10).

-1-

States District Court for the District of Puerto Rico entered Judgment against ACEMLA and LAMCO pursuant to 17 U.S.C. §505 and 28 U.S.C. §1927 for attorney's fees, costs, and sanctions for the total amount of $107,631.15 on January 25, 2019 (Docket No. 480, Exhibit 1).

On February 5, 2019, ACEMLA filed the *Debtor's Preliminary Motion for Reconsideration and for Additional Time to File a Final Motion for Reconsideration* (Docket No. 478). Creditors Peer and Spanish Broadcasting System Inc. ("SBS") filed its *Opposition to Debtors' Preliminary Motion for Reconsideration and for Additional Time to File a Final Motion for Reconsideration* on February 19, 2019 (Docket No. 479).

The *Motion for Reconsideration* and its *Opposition* are still pending Before this court. However, on February 20, 2019, Peer filed a *Motion for Execution of Judgment and Appointment of Special Master or Designated Martial* in the District Court, requesting a Writ of Attachment for the execution of the judgment directed to any personal property of the parties that may be subject to attachment. Peer additionally requested the appointment of Mr. José Velázquez as Special Master or Designated Marshall (Docket No. 480, Exhibit 2). On February 21, 2019, the District Court authorized the execution of the Judgment, authorized the attachment of property and designated Mr. José Velázquez as Depositary and Special Master (Docket No. 480, Exhibit 3). On the same date, the District Court issued the *Writ of Execution of Judgment* (Docket No. 480, Exhibit 4).

ACEMLA alleges that, pursuant to the court's order lifting the automatic stay in favor of Peer, the creditor could pursue the District Court action up to final judgment, but the collection should've been channeled through the bankruptcy process (See Court's *Order* modifying the Stay at Docket No. 196). Therefore, ACEMLA alleges that Peer's request for execution of judgment in the District Court is in contempt of this court's order (Docket No. 480). As stated by ACEMLA, "Peer's request to execute the Judgment in the District Court is in direct contempt of the order Lifting the Stay, which clearly stated that any collection should be "through the bankruptcy process". The "bankruptcy process is still extant, as the Preliminary Motions for Reconsideration and the corresponding Oppositions by Peer and SBS, are still pending before this Honorable Court." (Docket No. 480, p. 4, ¶15).

In its *Opposition*, Peer alleges that the Contempt Motions[2] are without merit, that the Dismissal Orders became effective immediately upon their entry, thus terminating the automatic stay. Furthermore, Peer states that upon the termination of the automatic stay, the parties are returned to the *status quo* as existing prior to the bankruptcy filings. The Creditor alleges that, upon entry of the Dismissal Orders, Peer became free to take whatever actions it is permitted to take under the law to enforce its rights against ACEMLA and LAMCO. For the reasons discussed below, the court agrees with Peer's position.

The Effect of Dismissal and the Automatic Stay

"Under §541 of the Bankruptcy Code, the commencement of a bankruptcy case creates an estate that comprises all legal and equitable interests of the debtor in property as of the date the bankruptcy case is commenced." Massachusetts v. Pappalardo (In Re Steenstra), 307 B.R. 732, 737 (B.A.P. 1st Cir. 2004).

Section 362 of the Bankruptcy Code rules the application of the automatic stay when a bankruptcy petition is filed. "Section 362(a) protects the estate of the debtor from adverse claims unless the court lifts the stay in particular instances, see 11 U.S.C. §362(c); or unless such claims fall under codified exceptions…" Fish Market Nominee Corp. v. Pelovsky, 72 F.3d 4, 6 (1st Cir. 1995). Section 362(b) enumerates instances not stayed by the the filing of a petition. Furthermore, section 362(d) establishes that, "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under section (a) of this section, such as by terminating, annulling, modifying or conditioning such stay…" 11 U.S.C §362(d).

In the present case, Peer requested to the court the modification of the stay, to continue to pursue an action in the District Court for the District of Puerto Rico, up to final judgment. With the consent of the Debtor, the court modified the stay to allow the continuation of the District Court action up to judgment but conditioning its execution, which should've been channeled through the bankruptcy process.

---

[2] The same Urgent Motion was filed in the administratively consolidated case 17-02023, hence, Peer's references to "Motions" and "Orders".

However, the First Circuit has determined that, pursuant to section 362(c)(2)(B) of the Bankruptcy Code, the stay terminates when a case is dismissed. In Re de Jesus Saez, 721 F 2.2d 848, 851 (1st Cir. 1983). "Section 362(c) provides that the stay continue[s] as to creditor conduct not directed against property of the estate, only until dismissal, and as to conduct directed against such property, only so long as it remains in the estate. It seems self evident that there is no "estate" and hence no "property of the estate" unless there is an existing petition." Id. at 851.

"Such immediate termination of the automatic stay is supported by §349(b)(3) which provides that the dismissal of a case revests the property of the estate in the entity in which the property was vested immediately before the commencement of the case". Lomagno v. Salomon Bros. Realty Corp. (In Re Lomagno), 320 B.R. 473, 478 (BAP 1st Cir. 2005). "[T]he dismissal of a bankruptcy petition "has the simultaneous effect of undoing the bankruptcy estate and lifting the automatic stay, just as the filing of the petition creates the bankruptcy estate and imposes the automatic stay". In Re Steenstra, 307 at 738. The stay terminates immediately upon the docketing of the dismissal order. Id.

"Section 362(c)(2)(B) of the Bankruptcy Code, in dictating termination of the automatic stay when a case is dismissed, does not provide a "modicum of viability" exception for appeals or motions to reconsider." Shaw v. Ehrlich, 294 B.R. 260, 274 (Bank. W.D. Va. 2003).

"This conclusion best effectuates the intent of Congress as evidenced by section 349(b) of the Code, which governs the effect of a dismissal order: "The basic purpose of this subsection is to undo the bankruptcy case, as far as practicable, and to restore all property rights to the position in which they were found at the commencement of the case". Shaw, 294 B.R. at 274, *referencing* Revision Notes and Legislative Reports.

Furthermore, Fed. R. Civ. P. 62(a), made applicable to bankruptcy by Fed. R. Bankr. P. 7062, does not extend the automatic stay after a chapter 11 case is dismissed. *See* Fish Mkt. Nominee v. Pelofsky, 72 F. 3d 4, 7 (1st Cir. 1995) (Determining that a state court proceeding to foreclose a right of redemption is not "enforcement" of a judgment dismissing a chapter 11 bankruptcy case for purposes of Fed. R. Civ. P. 62(a)). Rule 7062 applies to adversary proceedings and not to contested matters. "Effective December 1, 1999, Fed. R. Bankr. P. 9014 was amended to remove the applicability of Rule 7062 to contested matters, and [] there is no [] stay for orders resulting from contested matters unless such stay is provided by specific rules." In re Hill, 305

B.R. 100, 109 (Bank. M.D. Fla. 2003). Neither Fed. R. Bankr. P. 9023[3], 9024[4] or 8002[5] stay the effectiveness of a dismissal order. See *Id*. Therefore, "…the entry of the order of dismissal immediately terminates the automatic stay, and [] a motion for reconsideration filed pursuant to Fed. R. Bankr. P. 9023 does not "somehow" stay the dismissal of the case, and thus extend the automatic stay pursuant to §362." *Id*. at 110.

Conclusion

In the present case, the court modified the stay to allow Peer to continue the District Court action up to judgment. However, upon the dismissal of ACEMLA's and LAMCO's case, the stay was terminated, and Peer could continue to pursue the judgment execution proceedings in the District Court without the restrictions imposed by the court in its Order modifying and conditioning the stay. Therefore, the Urgent Motion filed by ACEMLA is denied.

SO ORDERED.

In San Juan, Puerto Rico, this March 1st, 2019.

Enrique S. Lamoutte
United States Bankruptcy Judge

---

[3] Fed. R. Civ. P. 59 "New Trials; Amendment of Judgments" made applicable to bankruptcy proceedings.
[4] Fed. R. Civ. P. 60 "Relief from Judgment or Order" made applicable to bankruptcy proceedings.
[5] Time for Filing Notice of Appeal